852 P.2d 1246

**STATE of Arizona, Appellee,**

v.

**Gary Donald LIGHT, Appellant.**

**No. 1 CA–CR 91–1397.**

Court of Appeals of Arizona, Division 1, Department B.

Jan. 14, 1993.

Review Denied June 15, 1993.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Crim. Appeals Section, and Diane M. Ramsey, Asst. Atty. Gen., Phoenix, for appellee.

John C. Williams, Prescott, for appellant.

## OPINION

JACOBSON, Judge.

The sole issue in this appeal is whether there was evidence that the substance sold by defendant was a dangerous drug as defined by A.R.S. § 13-3401(6)(b). We affirm.

## FACTS

Appellant Gary Donald Light (defendant) and two undercover police officers met at a hotel in Kingman to discuss the possible sale to defendant of a 55-pound drum of ephedrine, a substance used in the manufacture of methamphetamine. During this discussion, the officers asked if defendant could provide them with some methamphetamine, or "go-fast," for their trip home. Defendant responded by accepting $200 and giving them a cigarette pack containing a baggie with a powder substance that later tested positive for methamphetamine. Defendant was subsequently indicted on one count of sale of dangerous drugs, a class 2 felony.

At trial, the state's criminalist testified that the 3.04 grams of powder in the cigarette pack contained methamphetamine. He further testified that 10 milligrams, or $1\tfrac{1}{100}$ of a gram, of methamphetamine is a usable amount.

A jury found defendant guilty as charged. The court sentenced defendant to an aggravated term of eight years imprisonment.

## DISCUSSION

In Arizona, sale of a dangerous drug is a class 2 felony. A.R.S. § 13-3407(A)(7), (B)(7). "Dangerous drug," within the context of this case, is defined by § 13-3401(6) as:

> (b) Any material, compound, mixture or preparation which contains any quantity of the following substances ... having a potential for abuse associated with a stimulant effect on the central nervous system:

> .    .    .    .    .

> (xii) Methamphetamine.

Defendant contends that, in addition to proof that the substance he sold was methamphetamine, under this statutory definition the state must also prove that the substance sold had "a potential for abuse associated with a stimulant effect on the central nervous system." Because the state's criminalist declined to testify regarding the reaction a person would have from ingestion of methamphetamine, defendant argues that the state presented no evidence as to an essential element of the crime charged.

Under defendant's interpretation of A.R.S. § 13-3401(6)(b), a "dangerous drug" must (1) be one of the drugs enumerated in subsections (i) through (xxiv), and (2) have "a potential for abuse associated with a stimulant effect on the central nervous system." In our opinion, however, the legislature has defined "dangerous drug" in this statutory definition as *being* a substance that has "a potential for abuse associated with a stimulant effect on the central nervous system"—in this case, methamphetamine. The state need not prove that methamphetamine has a potential for abuse associated with a stimulant effect on the central nervous system because the legislature has already made the determination that it does.

As the state notes, a similar resolution was reached by the Idaho Supreme Court in *State v. Collinsworth*, 96 Idaho 910, 539 P.2d 263 (1975). In that case, the defendant was convicted of delivery of a controlled substance, which was defined as:

(c) ... [A]ny material, compound, mixture, or preparation which contains any quantity of the following substances having a potential for abuse associated with a depressant effect on the central nervous system:

.        .        .        .        .

(7) Phencyclidine....

*Collinsworth,* at 914, 539 P.2d at 267, quoting I.C. § 37–2709. The defendant argued that the State of Idaho had to prove not just that he delivered phencyclidine, but also that the phencyclidine delivered had a potential for abuse associated with a depressant effect to the central nervous system. The Idaho Supreme Court disagreed:

> If the legislature had intended that the state be required to prove that the substance Collinsworth delivered, phencyclidine hydrochloride, had a potential for abuse, then the statute would have been drafted so that the phrase in question modified "material, compound, mixture, or preparation", not "substances". All the statute requires in this regard is that the state prove that Collinsworth delivered a substance which contains a drug which the legislature or the Board of Pharmacy has determined to be a substance "having a potential for abuse associated with a depressant effect on the central nervous system." The evidence indicates that Collinsworth delivered phencyclidine hydrochloride and that phencyclidine hydrochloride is a substance containing phencyclidine. Phencyclidine has been determined to be a substance having a potential for abuse. Accordingly, we find that the state proved the elements required by the statutory phrase in question.

*Collinsworth,* at 914, 539 P.2d at 267.

We find the reasoning in *Collinsworth* persuasive in this case. The judgment and sentence are affirmed.

EHRLICH, P.J., and GARBARINO, J., concur.