NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

STEVEN BERNAL, *Appellant.*

No. 1 CA-CR 18-0441
FILED 2-26-2019

Appeal from the Superior Court in Maricopa County
No.  CR2017-002543-002
The Honorable Monica S. Garfinkel, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By William Scott Simon
*Counsel for Appellee*

Maricopa County Legal Defender's Office, Phoenix
By Cynthia Dawn Beck
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Paul J. McMurdie delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Kent E. Cattani joined.

---

**M c M U R D I E**, Judge:

**¶1** Steven Bernal appeals his conviction of sale or transportation of dangerous drugs, a Class 2 felony, and the resulting sentence. Bernal's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after a diligent search of the record, she found no arguable question of law that was not frivolous. Counsel asks this court to search the record for arguable issues. *See Penson v. Ohio*, 488 U.S. 75 (1988); *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). Bernal was given the opportunity to file a supplemental brief, and raised the following issues: (1) the superior court judge lacked statutory and constitutional authority to hear the case, and the labeling of her as a commissioner created an unreliable record on appeal; (2) the court erred by dismissing his motion under Arizona Rule of Criminal Procedure 20; and (3) the court erred by instructing the jury that methamphetamine is a dangerous drug.[1] After reviewing the record, we affirm Bernal's conviction and sentence.

## FACTS AND PROCEDURAL BACKGROUND

**¶2** On October 17, 2016, Sergeant Ron Elcock of the Tempe Police Department began undercover surveillance near the Pride gas station in Tempe. At the same time, undercover officer Joseph Manchak provided cover across the street. Both officers observed Bernal and another individual, Patrick Johnson, standing at the gas station with a bicycle. Elcok approached Bernal. Bernal told Elcock that he was selling the bicycle, and Elcock mentioned he knew someone who might be interested in purchasing the bike. To facilitate the purchase, Elcock and Bernal exchanged numbers. At this time, Johnson offered to sell Elcock a small amount of

---

[1] Bernal also filed motions for "reconsideration to proceed in self-representation on appeal" and "for a finding of state confession of error." For the reasons stated in this court's order dated December 7, 2018, we deny these motions.

methamphetamine. Bernal told Elcock that the methamphetamine was "fire," and Elcock purchased the methamphetamine.

¶3            Later that evening, Bernal reached out to Elcock via text message. Elcock and Bernal also spoke on the phone to discuss two things: the potential buyer of the bike and purchasing methamphetamine. Bernal was reluctant to talk on the phone regarding the methamphetamine but arranged for the two to meet up at a Circle K in Tempe. At the meetup, Manchak, the interested buyer, tested the bicycle and Elcock discussed the methamphetamine purchase with Bernal. Elcock indicated he would buy one-eighth of an ounce of methamphetamine for $150. Bernal rebuffed this offer, but the two ultimately negotiated a price of $200. The methamphetamine was not available at that time, so Bernal told Elcock to come back to the Circle K later.

¶4            Later, after a brief text message conversation regarding the timing of the pickup, Elcock and Manchak returned to the Circle K to meet Bernal. When the two detectives arrived, both Bernal and Johnson were there. Elcock purchased the methamphetamine from Johnson, while Bernal stood near the door of the Circle K.

¶5            Elcock then returned to the police station, searched Bernal's phone number on Facebook, and identified Bernal. The purchased drug tested positive for methamphetamine after an initial test by Elcock. Elcock then sent the methamphetamine to a Department of Public Safety ("DPS") laboratory for further testing, which confirmed that the substance was 3.45 grams of methamphetamine.

¶6            The State charged Bernal with one count of sale or transportation of dangerous drugs. At trial, Elcock testified to his encounters with Bernal, and Manchak testified to his observations. At the close of the State's presentation of evidence, Bernal moved for acquittal under Arizona Rule of Criminal Procedure 20. The superior court found sufficient evidence to support a guilty verdict.

¶7            At the close of the three-day trial, the jury found Bernal guilty of one count of sale or transportation of dangerous drugs. After the trial, the defense opposed the imposition of flat-time sentencing. At the sentencing hearing, the court heard evidence regarding Bernal's prior felony convictions and oral argument on the issue of flat-time sentencing. The court found Bernal had prior felony convictions and a flat-time sentence was proper. Subsequently, the court imposed a 14-year prison

sentence with 60 days' presentence incarceration credit. Bernal timely appealed.

## DISCUSSION

**¶8** We have read and considered counsel's brief, as well as Bernal's supplemental brief, and have reviewed the record for any arguable issues. *See Leon*, 104 Ariz. at 300. We find none.

**¶9** In his supplemental brief, Bernal argues: (1) the superior court judge lacked constitutional and statutory authority to hear his case which resulted in an unreliable record for appeal; (2) the court erred by denying his Rule 20 motion at trial; and (3) the court erred by instructing the jury that methamphetamine is a dangerous drug.

**A.     The Superior Court Judge Had Authority to Hear the Trial and Labeling the Judge as a Commissioner Was Not an Error.**

**¶10** Bernal argues that because the judge who presided over his trial was a commissioner, she lacked the authority to oversee and conduct a jury trial, decide a Rule 20 motion, and administer all parts of the sentencing in his case under Arizona Supreme Court Rule 96(a)(11). We disagree.

**¶11** Here, the judge who presided over Bernal's trial and sentencing was appointed as a *pro tempore* judge in accordance with Arizona Revised Statutes ("A.R.S.") section 12-141. *See* Maricopa County Bd. of Supervisors, Formal Meeting Minutes 16 (March 21, 2018), http://maricopa.siretechnologies.com/sirepubtest/cache/2/0dddwieqfv qruqllsecwzx5r/338002142019030649612.pdf. As a judge *pro tempore*, she had the same authority as a regularly seated superior court judge. *See* Ariz. Const. art. 6, § 31(B); A.R.S. § 12-144(D); *State v. White,* 160 Ariz. 24, 32 (1989).

**¶12** Next, Bernal argues labeling the judge a commissioner creates an unreliable record on appeal. Labeling the judge a commissioner does not violate A.R.S. § 12-223(B) (requiring the court reporter, upon request, to "certify that [the] transcript is a correct and complete statement of [the] proceedings") and does not create any arguable issue of law.

**B.     The Superior Court Did Not Erroneously Deny Bernal's Rule 20 Motion.**

¶13      We review the superior court's ruling on a Rule 20 motion *de novo. State v. Florez,* 241 Ariz. 121, 124, ¶ 7 (App. 2016). "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. West*, 226 Ariz. 559, 562, ¶ 16 (2011) (quoting *State v. Mathers*, 165 Ariz. 64, 66 (1990)). A Rule 20 motion should only be granted if "there is no substantial evidence to support a conviction." Ariz. R. Crim. P. 20(a)(1). "'Substantial Evidence' under Rule 20 is 'such proof that reasonable persons could accept as adequate and sufficient to support a conclusion of defendant's guilt beyond a reasonable doubt.'" *Florez*, 241 Ariz. at 124, ¶ 7 (quoting *Mathers*, 165 Ariz. at 67).

¶14      Bernal argues that the court erred by denying his Rule 20 motion because both officers testified that he did not personally sell the methamphetamine. Under A.R.S. § 13-303(A)(3), "[a] person is criminally accountable for the conduct of another if . . . [t]he person is an accomplice of such other person in the commission of an offense." The jury was properly instructed on accomplice liability.

¶15      Based on the facts before us, we find substantial evidence supports the jury's verdict. Both officers testified that Bernal was present during the sale of the methamphetamine. Elcock testified to and a recording was played of Bernal negotiating the purchase price of the methamphetamine. Further, Elcock and a DPS expert testified that the sold substance tested positive for methamphetamine. The superior court did not err by denying Bernal's Rule 20 motion.

**C.     The Jury Instruction Does Not Create an Arguable Issue.**

¶16      Bernal argues that the superior court erred by instructing the jury that methamphetamine is a dangerous drug, an element of the charged offense. A dangerous drug is defined by statute and includes methamphetamine. A.R.S. § 13-3401(6)(c)(xxxviii). Therefore, the legislature has determined that it is a dangerous drug. *See State v. Light*, 175 Ariz. 62, 63–64 (App. 1993) (finding the state need not prove that methamphetamine is a dangerous drug because the legislature has already made that determination). The court did not err by stating methamphetamine is a dangerous drug.

¶17 Bernal was present and represented by counsel at all stages of the proceedings against him. The record reflects the superior court afforded Bernal all of his constitutional and statutory rights, and the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure. The court conducted appropriate pretrial hearings, and the evidence presented at trial and summarized above was sufficient to support the jury's verdict. Bernal's sentence falls within the range prescribed by law, with proper credit given for presentence incarceration.

## CONCLUSION

¶18 We affirm Bernal's conviction and sentence. After the filing of this decision, defense counsel's obligations about Bernal's representation in this appeal will end after informing Bernal of the outcome of this appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).



AMY M. WOOD • Clerk of the Court
FILED: AA